UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILLIP FERGUSON, et al.,

        Plaintiffs,

    v.

CALIFORNIA DEPARTMENT OF
JUSTICE, et al.,

        Defendants.

Case No. 16-cv-06627-HSG

**ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS**

Re: Dkt. Nos. 4, 7

Pending before the Court are two motions to dismiss: one filed by the State of California by and through the California Department of Justice ("California DOJ") (collectively, "State Defendants"), Dkt. No. 4 ("State's Mot."), and the other filed by six special agents employed by the California DOJ ("Agents"), Dkt. No. 7 ("Agents' Mot."). Both motions seek dismissal of the first amended complaint, Dkt. No. 1, Ex. A ("FAC"), filed by twenty patients (collectively, "Plaintiffs") who received medical treatment from the Bay Area Consortium for Quality Healthcare ("BAC"), *id.* ¶ 1. Plaintiffs filed a single opposition to both motions, Dkt. No. 9 ("Opp."),[1] and Defendants filed a single reply, Dkt. No. 10 ("Reply"). The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). Having carefully considered the arguments made by the parties, the Court hereby **GRANTS** the State Defendants' motion to dismiss as to all causes of action and **GRANTS** the Agents' motion to dismiss as to Plaintiffs' cause of action under 42 U.S.C. § 1983. The Court

---

[1] Plaintiffs' opposition was filed late. *See* Civ. L.R. 7-3 ("The opposition must be filed and served not more than 14 days after the motion was filed."); *compare* State's Mot. (filed November 23, 2016), *and* Agents' Mot. (filed December 6, 2016) *with* Opp. (filed December 24, 2016). Given that this appears to have been Plaintiffs' first late filing in this case, and that Defendants have not identified any prejudice that they suffered as a result of Plaintiffs' delay, the Court considers Plaintiffs' opposition filed on December 24, 2016. However, the Court **STRIKES** the extremely late second opposition filed by Plaintiffs on February 2, 2017. *See* Dkt. No. 16.

does not reach the merits of Plaintiffs' state law claims against the Agents, as it would decline to exercise supplemental jurisdiction over them absent a viable federal claim.

## I.    REQUESTS FOR JUDICIAL NOTICE

The Court first addresses Defendants' requests for judicial notice because they are relevant to the facts of the case. Each of the motions to dismiss is accompanied by a substantively identical request for judicial notice. *See* Dkt. Nos. 5, 8 (collectively, "RJNs"). Each RJN attaches the same March 6, 2015 search warrant issued by the California Superior Court, County of Alameda, ordering the search and seizure of evidence of felony criminal activity located at 405 14th Street, Suite 300, Oakland, California ("Premises"), and other locations. *See* RJNs, Ex. A ("Warrant").

Courts may take judicial notice of facts outside the pleadings on a motion to dismiss. *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under Federal Rule of Evidence 201(b), a court may judicially notice "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). Courts regularly find that search warrants are public records properly subject to judicial notice. *See, e.g.*, *Bennett v. County of Shasta*, No. 2:15-cv-01764-MCE-CMK, 2016 WL 3743151, at *1 (E.D. Cal. July 13, 2016); *Assali v. City of Simi Valley*, No. CV 13-09201-R (VBK), 2014 WL 3818062, at *4–5 (C.D. Cal. July 31, 2014). Here, Plaintiffs do not dispute the existence or the authenticity of the search warrant. The Court **GRANTS** the RJNs because the search warrant is not subject to reasonable dispute and is a matter of public record.

## II.    FACTS

On March 11, 2015, the Agents executed a search warrant at the Premises, which included not only BAC's medical offices but also a law office. FAC ¶¶ 10–15. *See generally* Warrant. The target of the search warrant was BAC, a medical services corporation under investigation for criminal activity. *See generally id.* Among other property, the search warrant authorized the

2

seizure of medical records. *Id.* ¶ 25.  The Agents searched the entire premises.  FAC ¶ 10.  Agents took boxes of Plaintiffs' original medical records that BAC's health care professionals maintained for treating Plaintiffs.  *Id.* ¶¶ 14–15.  The firm's principal partner and at least one other staff member were present during the search.  *Id.* ¶¶ 11, 13.  However, the FAC does not plead that Plaintiffs were present during the search.  At some time after the search was complete, Plaintiffs requested that Defendants return their original medical records.  *Id.* ¶ 16.  As of November 15, 2016, Defendants still had not returned Plaintiffs' original medical records.  *Id.* ¶ 16.  Consequently, Plaintiffs have been forced to receive treatment from new medical providers without those providers having access to Plaintiffs' medical history.  *Id.* ¶ 16.[2]

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

United States District Court
Northern District of California

---

[2] The Court has omitted various irrelevant facts that appear to have been carelessly cut and pasted from the complaint in the related case, *Emeziem dba Law Offices of Emeziem & Others v. Cal. Dep't of Justice*, No. 3:16-cv-06628-HSG.

2008) (internal quotation marks omitted).  If dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotation marks and citation omitted).

## IV.  DISCUSSION

The Court first addresses the motion to dismiss filed by the State Defendants, followed by the motion to dismiss filed by the Agents.

### A.    State Defendants

The Court first considers Plaintiffs' cause of action against the State Defendants under 42 U.S.C. § 1983.  Next, the Court assesses how the disposition of that federal cause of action impacts Plaintiffs' remaining causes of action against the State Defendants, which are all asserted under state law.

#### i.    Federal Cause of Action (42 U.S.C. § 1983)

Plaintiffs' Fifth Cause of Action asserts that the State Defendants violated 42 U.S.C. § 1983 by "perform[ing] the search complained of herein in violation of plaintiffs' rights under the Fourth Amendment to be free from unreasonable searches and seizures and in violation of plaintiff's [sic] rights to due process and privacy under the Fourteenth Amendment."  FAC ¶¶ 44–45.  State Defendants argue that the California DOJ, as a state agency, "is not a person subject to suit under 42 U.S.C. § 1983."  State's Mot. at 12; *see also* 42 U.S.C. § 1983 ("Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." (emphasis added)).

Under the Eleventh Amendment, states enjoy sovereign immunity from private suits for damages or injunctive relief in federal court, unless the State has waived or Congress has validly overridden such immunity.  *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).  "The State of California has not waived its Eleventh Amendment immunity with respect to claims

1  brought under § 1983 in federal court . . . ." *Id.* at 1025–26.  Moreover, Congress did not override

2  sovereign immunity with respect to § 1983 suits.  *See Will v. Mich. Dep't of State Police*, 491 U.S.

3  58, 67, 71 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established

4  immunity of a State from being sued without its consent. . . . We hold that neither a State nor its

5  officials acting in their official capacities are 'persons' under § 1983.")  The sovereign immunity

6  doctrine extends to state agencies.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100

7  (1984); *Aguon v. Commonwealth Ports Auth.*, 316 F.3d 899, 901 (9th Cir. 2003).  Moreover,

8  "[s]tate agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not

9  amenable to suit under that statute."  *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004).

10  Consequently, courts have concluded that the California DOJ is a state agency to which

11  sovereign immunity applies and against which § 1983 claims cannot be sustained, and have

12  therefore dismissed such claims with prejudice.  *See Rodriguez v. Cal. Atty. Gen's Office*, No. SA

13  CV 09-1149 JST, 2011 WL 1157264, at *3 (C.D. Cal. Feb. 7, 2011) (dismissing with prejudice

14  plaintiff's § 1983 claims against, *inter alia*, the California DOJ because the agency enjoyed

15  sovereign immunity under the Eleventh Amendment and was not a "person" subject to suit under

16  § 1983); *Reed v. City of San Diego*, No. 06CV2724JM(WMC), 2007 WL 951302, at *2 (S.D. Cal.

17  Mar. 23, 2007) (dismissing with prejudice § 1983 claim against the State of California and

18  declaring that granting leave to amend would be futile since "[e]ven if Plaintiff were to sue the

19  California Department of Justice, she could not prevail as Eleventh Amendment immunity extends

20  to state agencies"); *cf. Yetek v. Dental Bd. of Cal.*, No. C 09-3508 CRB, 2010 WL 2594543, at *2

21  (N.D. Cal. June 22, 2010) (dismissing with prejudice various claims against, *inter alia*, the

22  California DOJ because it was "clearly a state agency" that enjoyed sovereign immunity); *Bailey*

23  *v. Cal. Dep't of Justice*, No. 07CV2090JM(BLM), 2008 WL 755856, at *2–3 (S.D. Cal. Mar. 18,

24  2008) (same).

25  The Court finds that neither of State Defendants is a "person" subject to suit under § 1983,

26  and that Plaintiffs' § 1983 suit against them is barred by the Eleventh Amendment.  Since granting

27  leave to amend would be futile, the Court dismisses the § 1983 cause of action with prejudice.  *See*

28  *Lopez*, 203 F.3d at 1130.

### ii. Causes of Action under California Law

Given that the Court has dismissed with prejudice the only federal cause of action asserted against the State Defendants, the Court must address whether it retains supplemental jurisdiction over the remaining causes of action against them.

Section 28 U.S.C. § 1367(a) states,

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

However, the U.S. Supreme Court has interpreted § 1367(a) as a "general grant of jurisdiction" that is insufficiently clear to abrogate state sovereign immunity. *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541–42 (2002). Therefore, "§ 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants." *Id.* at 542. Moreover, Plaintiffs have pointed to no authority—and the Court has found none—indicating that the State Defendants have consented to suit under any of the state law causes of action pled here. *See generally* Opp.; *see also Sossamon v. Texas*, 563 U.S. 277, 284 (2011) ("A State . . . may choose to waive its immunity in federal court at its pleasure.") In fact, the Court has found authority to the contrary relating to all but one of the state causes of action at issue here. *See BV Eng'g v. UCLA*, 858 F.2d 1394, 1396 (9th Cir. 1988) (holding that the California Tort Claims Act constitutes California's consent to be sued in its own courts, but not waiver of its sovereign immunity in federal court); *Bailey*, 2008 WL 755856, at *2 (dismissing cause of action under section 52.1 of the California Civil Code, on the ground that the State Defendants enjoyed sovereign immunity); *Hoffman v. Cal. Corr. Health Care Servs.*, No. 2:16-cv-1691 MCE AC P, 2017 WL 132057, at *2 (E.D. Cal. Jan. 13, 2017) (report and recommendation finding that sovereign immunity applied to claims asserted against California state agency, including a claim under the Confidentiality of Medical Information Act, Cal. Civ. Code §§ 56 *et seq.*). Accordingly, the Court finds no basis to exercise supplemental jurisdiction over the state law causes of action against the State Defendants, and these claims must be dismissed without leave to amend.

**B. Agents**

The Court first considers Plaintiffs' cause of action against the Agents under 42 U.S.C. § 1983. Next, the Court assesses how the disposition of that federal cause of action impacts Plaintiffs' remaining causes of action against the Agents, which are all asserted under state law.

**i. Federal Cause of Action (§ 1983)**

The Agents argue that Plaintiffs' Fifth Cause of Action (§ 1983) is barred by the doctrine of qualified immunity. Agents' Mot. 15–16. "A police officer generally has qualified immunity for conducting an unconstitutional search if he is acting on the basis of a facially valid warrant." *Barlow v. Ground*, 943 F.2d 1132, 1139 (9th Cir. 1991). "In the context of a police officer obtaining a warrant, immunity will be lost only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Mills v. Graves*, 930 F.2d 729, 731 (9th Cir. 1991); *see also Messerschmidt v. Millender*, 565 U.S. 535, 546–47 (2012) ("[W]e have recognized an exception [to qualified immunity] allowing suit when 'it is obvious that no reasonably competent officer would have concluded that a warrant should issue.'"). Assessing the objective reasonableness of an officer's decision to conduct a search on the basis of a warrant is typically a relatively fact-intensive inquiry. *See Messerschmidt*, 565 U.S. at 548–554. However, this does not erase the basic requirement that Plaintiffs must plead sufficient facts to state a facially plausible claim. *See Twombly*, 550 U.S. at 570. Where plaintiffs fail to do so, the Ninth Circuit has affirmed dismissal based upon the defense of qualified immunity. *See Brooks v. Clark County*, 828 F.3d 910, 920 (9th Cir. 2016) ("[T]he allegations in [the plaintiff's] complaint are not sufficient to survive a qualified immunity defense even at the motion to dismiss stage.") (§ 1983 case).

Here, Plaintiffs argue that the search warrant, or the manner of its execution, violated section 1524(c) of the California Penal Code. FAC ¶ 20; Opp. at 5. The relevant portion of section 1524(c) states that "no search warrant shall issue for any documentary evidence in the possession or under the control of any person who is . . . a physician as defined in Section 990 of the Evidence Code . . . and who is not reasonably suspected of engaging or having engaged in criminal activity related to the documentary evidence for which a warrant is requested unless the

following procedure [describing the appointment and duties of a special master] has been complied with." Cal. Penal Code § 1524(c). Section 990 of the California Evidence Code defines a "physician" as "a person authorized, or reasonably believed by the patient to be authorized, to practice medicine in any state or nation." The operative complaint does not specifically mention any "physician," but alleges that the Agents searched "BAC's medical offices" located on the Premises and seized "original medical records which BAC's health care professionals maintained for treating plaintiffs [sic] special medical condition." *See* FAC ¶¶ 10, 15; *see also* RJN, Ex. A, Phelan Declaration in Support of Search Warrant ("Phelan Decl.") at 7 (referring to BAC's offices on the Premises as a "clinic"). Viewing these facts in the light most favorable to Plaintiffs as it must at the motion to dismiss stage, the Court finds that Plaintiffs could have plausibly harbored a reasonable belief that BAC's health care professionals were authorized to practice medicine. Similarly, pleading that the records were "maintained" by BAC's health care professionals, *see id.* ¶ 15, is plausibly sufficient to show that the records were "under the control" of said professionals, *see* Cal. Penal Code § 1524(c). However, the complaint, and the warrant incorporated in it by reference, show that BAC personnel were "reasonably suspected of engaging or having engaged in criminal activity related to the documentary evidence for which a warrant is requested." *See id.* The declaration in support of the search warrant prepared by a Special Agent with the Bureau of Medi-Cal Fraud and Elder Abuse provided extensive details of probable cause to believe that BAC's owner and Executive Director Gwen Rowe-Lee Sykes, with the involvement of healthcare providers, submitted false claims to the AIDS Medi-Cal Program between January 1, 2011 and January 1, 2014. *See* Phelan Decl. at 3–10. The supporting declaration extensively described the nature of BAC, including Sykes' description of BAC as a "clinic," and explained that medical records were a substantial portion of the records sought. *See id.* at 7–10. Therefore, on the face of the warrant and the supporting declaration, section 1524(c) would not apply, and there is no indication that the authorizing judge thought it did.

Accordingly, the Court finds that the Agents are entitled to qualified immunity as to Plaintiffs' cause of action under 42 U.S.C. § 1983 based on the facts pled in the complaint. Plaintiffs do not plead any defect in the search warrant beyond their claim that it did not comply

with section 1524(c).  *See generally* FAC.  For the reasons detailed above, even viewing the facts alleged in the light most favorable to Plaintiffs, those allegations fail as a matter of law to establish that the Agents' reliance on the search warrant, or the manner in which they executed the warrant, were so objectively unreasonable that qualified immunity is unavailable.  *See Mills*, 930 F.2d at 731; *Messerschmidt*, 565 U.S. at 546–47.

Under these circumstances, the Agents were entitled to rely on the authorizing judge's decision not to require any section 1524(c) procedures when he issued the warrant, and were justified in executing the warrant as approved.  Moreover, Plaintiffs' allegation that "once defendants knew that . . . medical professionals were located at the search premises they were required to return to the judge who issued the search warrant to inform him and have him appoint a special master before they could proceed to search plaintiff's office," FAC at ¶ 20, is not plausible in light of the extensive disclosures made to the judge about the nature of BAC and its records *before* the warrant issued.  Finally, to the extent Plaintiffs allege that the constitutional violation lay in Defendants' failure to return their medical records upon request, FAC ¶ 16, the issuing judge specifically gave permission to the agent who requested the warrant "to return/destroy all seized property at the conclusion of th[e] case."  RJNs, Ex. A at 13.  The Agents were entitled to rely upon the authorizing judge's order in this regard as well.

Accordingly, Plaintiffs' § 1983 cause of action is dismissed with leave to amend.[3]

### ii.    State Law Causes of Action

Subject matter jurisdiction in this case is predicated on Plaintiffs' causes of action under § 1983.  *See* Dkt. No. 1 at 2 (notice of removal).  Since Plaintiffs' § 1983 claims are being dismissed (without leave to amend as to State Defendants, and with leave to amend as to the Agents), Plaintiffs have yet to allege a viable federal claim.  If Plaintiffs fail to do so upon amendment, the Court will have to decide whether to exercise supplemental jurisdiction over Plaintiffs' state law claims against the Agents.  *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010)

---

[3] The Agents also contend that Plaintiffs have failed to state a claim under either the Fourth Amendment or the Fourteenth Amendment.  Agents' Mot. at 14–15.  The Court does not reach this argument because the qualified immunity issue is dispositive at this stage.

1   ("A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims

2   over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3)).  Where all claims under

3   federal law are eliminated before trial, the pendant jurisdiction factors (judicial economy,

4   convenience, fairness, and comity) typically weigh in favor of declining to exercise jurisdiction

5   over the remaining claims under state law.  *Id.*  Given the early stage of these proceedings,

6   California's interest in applying its own law, and the absence of any countervailing factors, the

7   Court would decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.

8   Consequently, the Court declines to reach the merits of Plaintiffs' state law claims against the

9   Agents unless and until it finds that a federal claim has been sufficiently pled.  *See, e.g.*, *Smith v.*

10  *Experian Info. Sols., Inc.*, No. 16-cv-04651-BLF, 2017 WL 1489689, at *10 (N.D. Cal. Apr. 26,

11  2017) (refusing to reach the merits of the plaintiff's state law claim where her sole federal claim

12  was being dismissed with leave to amend and the court would not exercise supplemental

13  jurisdiction over her state law claim).

14  **V.     CONCLUSION**

15          The Court **GRANTS** the State Defendants' motion to dismiss as to all causes of action.

16  The Fifth Cause of Action against the State Defendants is **DISMISSED** with prejudice.  The

17  remaining causes of action asserted against the State Defendants are **DISMISSED** without leave

18  to amend.  In addition, the Court **GRANTS** the Agents' motion to dismiss as to the cause of action

19  under 42 U.S.C. § 1983, but does not reach the merits of the causes of action under California law.

20  The Fifth Cause of Action asserted against the Agents is **DISMISSED** with leave to amend.

21  Nonetheless, the Court's decision to grant leave to amend as to this cause of action against the

22  Agents is not an invitation for Plaintiffs to replead substantially similar facts in the hope of a

23  different result.  To the contrary, Plaintiffs should not file an amended complaint unless they can

24  plead facts that remedy the deficiencies identified by the Court.  Furthermore, Plaintiffs should

25  carefully consider their obligations under Federal Rule of Civil Procedure 11 when deciding

26  whether to file an amended complaint and, if so, what claims to allege therein.  Any amended

27  //

28  //

complaint must clearly and concisely state the basis for all claims alleged.  Any amended complaint must be filed within 28 days of the date of this Order.

     **IT IS SO ORDERED.**

Dated:  7/4/2017

 

HAYWOOD S. GILLIAM, JR.
United States District Judge