UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP FERGUSON, et al.,<br><br>    Plaintiffs,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF JUSTICE, et al.,<br><br>    Defendants. | Case No. 16-cv-06627-HSG<br><br>**ORDER TO SHOW CAUSE** |

This action was initially filed in state court on April 20, 2016, and the first amended complaint was filed on October 3, 2016. Dkt. No. 1 ¶ 1 & Ex. A ("FAC"). Plaintiffs are twenty patients who received medical treatment from the Bay Area Consortium for Quality Healthcare. FAC ¶ 1. The case was removed to federal court on November 15, 2016, on the basis of federal question jurisdiction. Dkt. No. 1 ¶ 4. Two motions to dismiss the FAC were subsequently filed: one filed by the State of California by and through the California Department of Justice (collectively, "State Defendants"), Dkt. No. 4, and the other filed by six special agents employed by the California DOJ ("Agents"), Dkt. No. 7.

On July 4, 2017, the Court granted Defendants' motions to dismiss, ruling as follows as to the particular causes of action:

> The Fifth Cause of Action against the State Defendants is **DISMISSED** with prejudice. The remaining causes of action asserted against the State Defendants are **DISMISSED** without leave to amend. In addition, the Court **GRANTS** the Agents' motion to dismiss as to the cause of action under 42 U.S.C. § 1983, but does not reach the merits of the causes of action under California law. The Fifth Cause of Action asserted against the Agents is **DISMISSED** with leave to amend.

Dkt. No. 26 at 10. The Court ordered Plaintiffs to file any amended complaint within 28 days of the dismissal order. *Id.* at 11. That deadline has passed and Plaintiffs have not filed a second

amended complaint.

Given that the Court has dismissed Plaintiffs' sole federal cause of action against the Agents and that Plaintiffs have failed to file an amended complaint, the Court must now determine whether to exercise supplemental jurisdiction over the causes of action asserted under state law against the Agents. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c))). Where all claims pled under federal law are eliminated before trial, the various pendant jurisdiction factors (judicial economy, convenience, fairness, and comity) typically weigh in favor of declining to exercise jurisdiction over the remaining claims pled under state law. *Id.* Given the early stage of these proceedings, California's interest in applying its own law, and the absence of any countervailing factors, the Court does not intend to exercise supplemental jurisdiction over the claims pled against the Agents under California law. Since the sole basis of removal was federal question jurisdiction, *see* Dkt. No. 1 ¶ 4, remand of these state law claims is appropriate, *see Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 636–37 (2009); *Bierman v. Toshiba Corp.*, No. C-10-4203 MMC, 2010 WL 4716879, at *2 (N.D. Cal. Nov. 12, 2010), *aff'd*, 473 F. App'x 756, 757 (9th Cir. 2012).

Based on the foregoing, the Court **ORDERS** Plaintiffs' to show cause why the Court should not take the following actions as to the causes of action pled against the Agents: (1) dismiss the Fifth Cause of Action with prejudice, in light of Plaintiffs' failure to amend; and (2) remand all the remaining causes of action, which are pled under California law, to the Superior Court of California, Alameda County. Plaintiffs have until August 15, 2017 to respond to this order to show cause.

**IT IS SO ORDERED.**

Dated: 8/8/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge